UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATYANA EVGENIEVNA DREVALEVA,<br><br>Plaintiff,<br><br>v.<br><br>DORIS NG, et al.,<br><br>Defendants. | Case No. 22-cv-01984-EMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, AND DENYING PLAINTIFF'S MOTION TO DISQUALIFY**<br><br>Docket Nos. 22, 24, 26, 27, 37, 39, 40, 43, 45 |

## I.  INTRODUCTION

Pro se Plaintiff Tatyana Drevaleva ("Plaintiff") brought various federal and state law claims against California Department of Industrial Relations ("DIR"), DIR's Division of Labor Standards Enforcement ("DLSE"), DIR's attorney Doris Ng in her official and individual capacities, DLSE investigator Catherine Daly in her official and individual capacities, DLSE investigator Bobit Santos in his official and individual capacities, DLSE supervisor Joan Healy in her official capacity, and Assistant Chief of DLSE Eric Rood in his official capacity. (Docket No. 1 ("Compl.") at 1.)

## II.  BACKGROUND

Plaintiff was hired as a part time employee of the Alameda Health System ("AHS") in April 2013. (Compl. at 3.) AHS terminated her in September that year. (*Id.* at 5.) Following her termination, Plaintiff filed an administrative grievance with "DIR, DLSE" claiming that she was fired in retaliation by AHS for participating in legally protected activities. (*Id.* at 31.) Defendant Daly, Deputy of Labor Commissioner at DLSE—a division of DIR, handled her claim. (*Id.*)

1    Plaintiff also communicated with defendant Healy—Supervisor at DLSE, and defendant Rood—a

2    DIR employee, regarding the same. (*Id.* at 7, 36.) Plaintiff was dissatisfied with DLSE's

3    investigation. (*Id.* at 8.)

4        In December 2016, Plaintiff filed her first complaint against AHS and DIR in this Court,

5    generally alleging retaliatory discharge by AHS and improper investigation by DIR. (Compl. at 4,

6    10–11; *Drevaleva v. AHS et. al.*, No. 3:16-CV-07414-LB (N.D. Cal. Dec. 29, 2016) ("*Drevaleva*

7    *I*").) Although Plaintiff named DIR as a defendant, DLSE was served. (Compl. at 12.) In

8    response, Doris Ng—an attorney of DIR—represented DLSE and filed a motion to dismiss on

9    behalf of DLSE, stating that Plaintiff should have named DLSE instead of DIR because DLSE had

10   the authority to investigate retaliation matters. (*Id.* at 13, 19.) According to Plaintiff, Ng listed an

11   incorrect mailing address and made legally incorrect arguments in the moving papers. (*Id.* at 15–

12   16, 20.) The court dismissed Plaintiff's complaint, holding that Plaintiff failed to establish a

13   federal claim against DLSE and that her claims were barred by the Eleventh Amendment. (*Id.* at

14   20–21.)

15       Plaintiff then filed an amended complaint which did not name DIR or DLSE but instead

16   named Daly, Healy, Santos, and Rood (the "Individual DLSE Defendants") as defendants in their

17   personal capacities. (*Id.* at 22.) They, Plaintiff alleged, "demonstrated negligence during the

18   investigation of [her] case" and violated her rights under the Fifth and Fourteenth Amendments by

19   depriving her of liberty and property. (*Id.* at 47, 51.) Ng again filed a motion to dismiss, allegedly

20   representing defendants without their consent and making false or improper arguments in that and

21   other court filing. (*Id.* at 71–72, 106–111.) The court dismissed Plaintiff's amended complaint

22   with prejudice and without leave to amend, holding that Plaintiff (1) failed to state a viable due

23   process claim, (2) failed to state a claim against defendants for state-law claims as defendants are

24   immune from civil liability under California Government Code section 820.2 and California Civil

25   Code section 47. (*See* Docket No. 22-1 (Defendants' Request for Judicial Notice) at ¶ 1(d) (Order

26   Dismissing Claims, *Drevaleva I*).)[1]

27   ───────────────

28   [1] The Court takes judicial notice of documents and orders entered in federal or state court proceedings. Fed. R. Evid. 201; *ReadyLink Healthcare, Inc. v. State Compensation Ins. Fund*, 754

(Left margin: United States District Court / Northern District of California)

Subsequently, Plaintiff filed numerous lawsuits in both federal and state courts stemming from her employment claims against AHS and/or DLSE's determination of those claims, as in this case. As to those lawsuits in state courts, Plaintiff was declared a vexatious litigant in September 2020 within the meaning of California Code of Civil Procedure section 391, subdivision (b)(3). (*See* Defendants' Request for Judicial Notice at ¶ 6 (Order, *Drevaleva v. Alameda Health System et al.*, No. A158862 (Cal. Ct. App. Nov. 14, 2019)).) As for those lawsuits filed in federal courts, this Court declared Plaintiff a vexatious litigant in July 2020. *See Drevaleva v. AHS*, No. 22-cv-01585-EMC, slip. op. at 6 (N.D. Cal. Jul. 7, 2022).

In this case at bar, Plaintiff brings 16 claims. (Compl. at 104–111.) Specifically, she brings claims against (1) DIR and DLSE for discrimination against her Russian nationality under Title VII, for discrimination against her race under 42 U.S.C. § 1981, and for violation of the Equal Protection Clause and the Due Process Clause of the Fourteenth Amendment, (2) the Individual DLSE Defendants under 42 U.S.C § 1985 and § 1983 for conspiracy to prevent Plaintiff from obtaining relief, and (3) Ng, DIR, and DLSE for fraud, harassment, intentional infliction of emotional distress, intentional interference with a prospective economic advantage, loss of consortium, racketeering under 18 U.S.C. § 1962(a), slavery under the Thirteenth Amendment, and cruel and unusual punishment under the Eighth Amendment. (*Id.*) Plaintiff "demand[s] to be reinstated back to work at [AHS]." (*Id.* at 112.) She also seeks $250 million from each of Ng, DIR, and DLSE. (*Id.*)

### III.    DEFENDANTS' MOTION TO DISMISS (DOCKET NO. 22)

Defendants moved to dismiss the complaint in its entirety for the following reasons: (1) federal and California claim preclusion as to DLSE and the Individual DLSE Defendants, (2) the Eleventh Amendment as to all defendants, (3) California statutory immunities and privileges as to all defendants, (4) failure to state a claim upon which relief can be granted under Rule 12(b)(6), and (5) failure to properly serve defendants Santos and Daly where they have been sued in their

---

F.3d 754, 756 n.1 (9th Cir. 2014) (judicial notice taken of California state court proceedings). Judicial notice may be taken of matters of public record without converting a motion to dismiss into a motion for summary judgment. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

3

individual capacities. (Docket No. 22.)

In her opposition, Plaintiff chose to only address the Eleventh Amendment immunity argument. (*See* Docket No. 28 at 19 ("I will address only the Eleventh Amendment's issue, and I will not address all other issues.").) She therefore is deemed to have conceded on other legal bases asserted by Defendants that merit dismissal. *See Jenkins v. County of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (holding party abandoned claims by not raising them in opposition to motion for summary judgment). The Court grants defendant's motion to dismiss on that ground. The Court dismisses Plaintiff's complaint without leave to amend.

A. <u>The Court Dismisses, Without Leave to Amend, All Claims Against DIR, DLSE, and All Individual Defendants in Their Official Capacities Under the Eleventh Amendment</u>

The Court dismiss all claims against DIR and DLSE without leave to amend. The Eleventh Amendment to the U.S. Constitution bars from federal courts suit against a state by its own citizens, citizens of another state, or citizens or subjects of any foreign state. *See Atascadero State Hosp. V. Scanlon*, 473 U.S. 234, 237–38 (1985). Eleventh Amendment immunity extends to suits against a state agency. *See Brown v. Cal. Dep't of Corrs.*, 554 F.3d 747, 725 (9th Cir. 2009) (California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity). Here, Plaintiff does not dispute that DIR and DLSE are state agencies. (Docket No. 28 at 19.) And California has not waived sovereign immunity. Both agencies are thus immune from this suit.

The Court dismiss all claims against all individual defendants in their official capacities without leave to amend. "The Eleventh Amendment bars claims for damages against a state official acting in his or her official capacity." *Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016) (citing *Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir. 1992) (per curiam)). Therefore, the Court dismisses Plaintiff's damages claims against all individual defendants in their official capacities. Plaintiff may seek prospective equitable relief against a state official who has engaged in continuing violation of federal law under *Ex Parte Young*. *See In re Ellett*, 254 F.3d 1135, 1138 (9th Cir. 2001) (citing *Ex Parte Young*, 209 U.S. 123, 159–60 (1908)). But the alleged violations occurred years ago and, in any case, Defendants have no authority to provide the equitable relief

4

sought—reinstating Plaintiff back to work at AHS. The Court thus also dismisses Plaintiff's claim for injunctive relief against all individual defendants in their official capacities. The dismissals are without leave to amend.

B.  **The Court Dismisses With Prejudice All Claims Against the Individual DLSE Defendants Under Claim Preclusion**

"Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (barring Title VII claims that could have been included in state court complaint). It applies when there is (1) privity between parties, (2) an identity of claims, and (3) a final judgment on the merits. *Id.* Here, res judicata precludes Plaintiff's claims.

*Drevaleva I* precludes Plaintiff's claims against the Individual DLSE Defendants here. First, there is privity of the parties. Plaintiff and Individual DLSE Defendants are the same named parties as in *Drevaleva I*. Second, Plaintiff's claims against those defendants here relate to those defendants' handling of her labor claims against AHS—the same grievance as in *Drevaleva I*. (*See* Defendants' Request for Judicial Notice at ¶ 1(d) (Order Dismissing Claims, *Drevaleva I*).) Although the claims here are not identical to those in *Drevaleva I*, they "could have been raised in the prior action." *Owens*, 244 F.3d at 713. Third, there was a final judgment on the merits. (*See id.*; *id.* at ¶ 1(e) (Judgment, *Drevaleva I*).) Therefore, Plaintiff's claims against the Individual DLSE Defendants are precluded and should be dismissed with prejudice.

C.  **The Court Dismisses All Claims Against Defendant Ng With Prejudice**

Plaintiff alleges three federal claims against Defendant Ng—racketeering under 18 U.S.C. § 1962(a), slavery under the Thirteenth Amendment, and cruel and unusual punishment under the Eighth Amendment—all frivolous. Plaintiff asserts Defendant Ng "prevented [her] from obtaining relief in a Federal Court" by filing motions to dismiss and by making certain arguments in court filings. (Compl. at 110.) Defendant Ng has a constitutional right of access to the Court, and, in any event, Ng's court filing is not racketeering activity within the definition of 18 U.S.C. § 1961. Defendant Ng also did not compel her to "work as a Caregiver" that Plaintiff frivolously

5

1 claims to be slavery under the Thirteenth Amendment. And Defendant Ng did not punish Plaintiff
2 for any convicted crime in violation of the Eighth Amendment. Without viable federal claims, the
3 Court lacks (and in any event refuses to exercise) supplemental jurisdiction to adjudicate
4 Plaintiff's state claims against Defendant Ng.

D. Summary

For the foregoing reasons, Plaintiff's pleading "could not possibly be cured by allegation of other facts" and thus should be dismissed without leave to amend. *Cook, Perkiss, & Liehe, Inc. v. N.Cal. Collection Serv. Inc.*, 911 F. 2d 242, 247 (9th Cir. 1990).

## IV. PLAINTIFF'S AFFIDAVIT OF BIAS AND PREJUDICE (DOCKET NO. 45)

As an initial matter, Plaintiff filed her Affidavit of Bias and Prejudice against the undersigned Judge under 28 U.S.C. § 144 (Docket No. 45) after the Court has ordered parties to temporarily halt filing new motions (Docket No. 44). Plaintiff's motion should be denied on that ground alone.

Regardless, Plaintiff's affidavit is legally insufficient because she failed to allege any prejudice "result[ing] from an extrajudicial source." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). "[A] judge's prior adverse ruling is not sufficient cause for recusal." *Id.* This Court has repeatedly explained such to Plaintiff in previous proceedings. *See Drevaleva v. Justices of the Cal. Court of Appeal*, No. 20-cv-07017-EMC, 2021 U.S. Dist. LEXIS 250742, at *3 (N.D. Cal. May 3, 2021) (holding court's previous adverse rulings legally insufficient for recusal as they "were predicated on what it learned from its participation in the case, and not an extrajudicial source"); *Drevaleva v. Alameda Health Sys.*, No. 22-cv-01585-EMC, 2022 U.S. Dist. LEXIS 121908, at *4 (N.D. Cal. Jul. 7, 2022). Therefore, Plaintiff's request to disqualify is denied.

## V. OTHER PENDING MOTIONS

Because the Court grants Defendants' motion to dismiss with prejudice, Plaintiff's following motions are denied as moot:

- Plaintiff's First, Second, Third, and Fourth Motion for "An Order Holding that DIR and DLSE Intentionally Violated Section 1 of the Fourteenth Amendment to the

U.S. Constitution and the California Government Code Section 815.6, the Civ. L.R. 7-2" (Docket Nos. 24, 26, 39, 43);

- Plaintiff's Pre-Filing Application for An Order to "Compel DLSE to Disclose Addresses of Defendants Daly and Santos" (Docket No. 27);

- Plaintiff's Pre-Filing Application to File a Request for Entry Default Judgment Against Ms. Doris Ng in Her Individual Capacity (Docket Nos. 37, 40).

## VI. CONCLUSION

The Court grants Defendants' Motion to Dismiss with prejudice, denies Plaintiff's motion to disqualify, and denies the remaining pending motions as moot.

This order disposes of Docket Nos. 22, 24, 26, 27, 37, 39, 40, 43, and 45.  The Clerk is instructed to enter Judgment and close the case.

**IT IS SO ORDERED**.

Dated:  August 31, 2022

_____
EDWARD M. CHEN
United States District Judge